## Cuney's Executors v. J. G. Bell.

In 1860, B. sold and conveyed to C. a tract of land, acknowledging in his deed the payment of four thousand dollars as the purchase money. In May, 1862, C. executed to B. his note for $947, specifying therein no other consideration than "value received." After the death of C., suit against his executors was brought by B., who alleged that the note was given for unpaid purchase money of the land, and prayed that his vendor's lien therefor be established and enforced. *Held*, that in order to establish the lien some evidence to countervail the acknowledgment in the deed was necessary; and though the evidence adduced for that purpose in the present case appears slight to this court, yet as it was relevant to the issue, and as it satisfied the jury, this court will not disturb the judgment for the plaintiff.

Appeal from Austin. Tried below before the Hon. James E. Shepherd.

The evidence alluded to in the opinion of the court was substantially as follows:

M. Weir testified, for plaintiff, that in the spring of 1862, while Waller's Battalion was camped near Cuney's, witness heard J. G. Bell, the plaintiff, and P. M. Cuney, deceased, the defendants' testator, have a conversation at Cuney's house, in which they spoke of a draft which Cuney had given to Bell, on W. T. Austin of Houston or Galveston, in payment of a balance then due on a tract of land sold by Bell to Cuney on the twenty-seventh of August, 1860. Witness understood from the conversation that the draft had not been paid. Witness knew nothing about the note now sued on. The conversation took place on Cuney's gallery, and Cuney said to Bell that the draft not being paid should make no difference— that he would make it all right; and Cuney and Bell then went into the house.

By a different witness the plaintiff proved that Waller's Battalion was camped near Cuney's during the month of May and until

the fourth of July, 1862.   (The note of Cuney to Bell bore date May 27, 1862.)

Hiram George testified, for plaintiff, that some time in 1864 the witness applied to Cuney for a loan of money, but the latter declined to make the loan, because he owed Bell some money for land, and wanted to have it ready for Bell whenever he should call for it.

The foregoing appears to be the only evidence in the record tending to show an unpaid indebtedness on account of the land. The defendants introduced no witnesses, nor evidence of any character to show a different consideration for the note, except some testimony of an indefinite kind, elicited from the plaintiff's witness, George, to the effect that in 1864 this witness hauled some cotton to the west for Cuney and Bell, and receipted to Bell for some of it—tending to show other dealings between the parties besides the land transaction.

The verdict being for the plaintiff, the defendants moved for a new trial; but their motion was overruled, and they appealed.

*B. T. & C. A. Harris*, for the appellants.—The question to be determined is, was the note sued on, executed by Phil. M. Cuney to Bell, for unpaid balance of purchase money due on the tract of land described in plaintiff's petition?   We respectfully contend that there was no evidence before the jury to warrant their finding the affirmative of the issue.   There is not a circumstance disclosed by the statement of facts which even remotely tends to connect or identify the note sued on with the deed or the land described in plaintiff's petition.   The deed, which contains this recital, "in consideration of the sum of four thousand dollars, the receipt of which is hereby acknowledged," is dated August 27, 1860; the note is dated in May 27, 1862, and contains not a syllable as to the character of its consideration—not one word of reference to land or deed.   The recital in the deed is *prima facie* evidence

that the amount of purchase money therein stated, and acknowledged by Bell to have been received, was paid by Cuney to Bell. (Halderman v. Chambers, 19 Texas, 43.)   And to avoid this recital, it is incumbent upon Bell to disprove it by showing, at least, what part or portion of the expressed consideration he actually received.   (Williams v. Talbot, 27 Texas R., 168.)   The only circumstance offered to controvert the recital in the deed is what the witnesses M. Weir and H. George say.   The former heard a conversation during the spring of 1862, between Cuney and Bell, about a draft drawn by Cuney in Bell's favor on W. T. Austin, for balance due on land ; but Weir knows nothing about the note sued on.   Nor does he state one word as to the amount, date or maturity of the draft.   George testifies that some time in 1864 he asked Cuney to lend him some money ; that Cuney declined to lend him any, because (as Cuney told him) he needed the money he had to pay Bell for some land.   George, too, says he knows nothing about the note sued on.   He says nothing as to the amount or manner of Cuney's indebtedness to Bell.

This testimony and the solitary fact that Bell did, in 1860, convey to Cuney a tract of land, seems to have been a sufficient predicate for the jury to give a lively play to their imagination to supply proof of the material issue.

Weir's testimony about the draft, even if it had been proper testimony to go to the jury, which it was not, there being no allegation in plaintiff's pleadings to authorize its introduction, (Paul v. Perez, 7 Texas R., 345,) is quite too uncertain and indefinite to show any connection between the draft and the note sued on, or to identify it with the note.   He knows neither the amount of the draft, its date, nor when it matured ; and to give his evidence the greatest weight that can be claimed for it could not more than raise a bare conjecture that the note was given in lieu of the draft. Conjecture is a poor foundation for a verdict.   It is laid down as a rule that " when the evidence as to a material fact can only raise

a bare conjecture, the issue should not be submitted to the jury."
(Hilliard on New Trials, 355, § 39; Mathis v. Mathis, 3 Jones,
N. C. R., 132.) And there being no evidence tending to estab-
lish the lien claimed by plaintiff—a fact which the law requires to
be clearly and unequivocally proved—defendants requested the
court to instruct the jury to find against the lien, which instruc-
tion the court refused. In this, we submit, the court erred (Lee
v. Hernandez, 10 Texas R., 139; Parker v. Lemon, Id., 119), as
well as in overruling the motion for new trial.

*Hunt & Holland*, for the appellee.

WALKER, J.—The evidence in this case on which the jury
found that a vendor's lien existed was very slight, but we are not
prepared to say that it was not more than sufficient to raise a bare
conjecture. Some evidence was necessary to rebut the recital in
the deed acknowledging the payment of the purchase money.
(See Halderman v. Chambers, 19 Texas R., 43; Williams v. Tal-
bot, 27 Texas, 168.)

But we are not prepared to say that the testimony of M. Weir
and George was not sufficient to satisfy the jury that the purchase
money was not paid, nor that the note sued on was not given in
consideration of the land.

It is true the deed was made in 1860, and the note was not
given until the twenty-seventh of May, 1862, but the evidence to
some extent explains this discrepancy, and we think the verdict of
the jury ought not to be disturbed.

There is no assignment of errors in the record, nor do we find
any on which the judgment should be reversed, and it is therefore
affirmed.

Affirmed.